# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                  **4:16-CR-00132-01-SWW**

**ELBERT BILLUPS**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 87) is DENIED.

## I.    BACKGROUND

On May 10, 2018, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.[1]  On August 28, 2018, he was sentenced to 60 months in prison on each count to run concurrently.[2]

## II.    DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C.

---

[1] Doc. No. 73.

[2] Doc. Nos. 79, 81.

§ 3553(a) factors.[3]

Before a defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]  Defendant alleges that he requested compassionate relief from the warden on September 11, 2020 and has not received a response. Thirty days have passed since he submitted that request and has not received a response.  Accordingly, this Court appears to have jurisdiction to consider the request.

To support his request for compassionate release, Defendant contends he is at a higher risk of suffering from COVID-19 because he is African-American and is not able to socially distance while incarcerated in prison.  First, this is not a health condition that provides "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples. The inability to socially distance is not listed.  Second, "fear of contracting

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[5]  Third, Defendant is 58 years old and has served less than 50% of his sentence, which means he does not meet the age or minimum served time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.  In October 2014, an Arkansas State Police trooper conducted a traffic stop on vehicle Defendant was driving.  During a pat-down of Defendant, the trooper discovered 1.0006 kilograms of cocaine around Defendant's waist.  Ultimately, Defendant was found to be carrying over 3.011 kilograms of cocaine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 87) is DENIED.

IT IS SO ORDERED, this 6th day of November, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[5]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).